RIDLING v. MURPHY. (No. 1696.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 21, 1916. Rehearing Denied Jan. 4, 1917.)

GUARDIAN AND WARD ☞114 — ESTATE OF WARD—DEBTS—POWER OF PROBATE COURT TO ORDER PAYMENT—STATUTES.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4155, 4160, giving the probate court power to sell a ward's realty for his education and maintenance or to pay debts against the estate, or when the interest of the ward will be promoted by a sale, when the court ordered a guardian to sell particular land, the homestead of their deceased father, the court could direct the guardian, on application of a creditor of the wards, to pay the debt with the proceeds of sale, despite article 3787, exempting the funds of the voluntary sale of a homestead for six months from the date of sale.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 399; Dec. Dig. ☞114.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Application to the probate court by Carey Murphy for an order for the payment of his claim against the estate of minors by A. E. Ridling, their guardian. From an order directing the guardian to pay the claim, he appealed to the district court, and from the order of the district court, he appeals. Order affirmed.

Appellee, a creditor, applied to the probate court from an order for the payment of his claim, alleging that there were funds in the hands of the guardian subject thereto. The probate court granted the application and entered an order directing the guardian to pay the claim. The guardian appealed to the district court, and then appealed from the order of the district court to this court. The proceeding on appeal is upon the agreed statement of facts, as follows:

"(1) That said Murphy is the owner of said claim, that same was duly filed in said cause on June 25, 1908. and on the same day entered on the claim docket, and that no part of said claim has been paid.

"(2) That prior to the filing of such claim same had been duly allowed by J. A. Ridling, who was then duly appointed and acting guardian of said estates, and that afterward on August 1, 1908, said claim was duly approved in writing upon said claim and upon the claim docket in said cause for the entire sum of $105.62 by Hon. H. A. Cunningham, who was then the qualified and acting judge of said county, and said claim was then and there by said judge classified as fourth class.

"(3) That A. E. Ridling qualified as guardian of the said estates on April 6, 1914.

"(4) That said A. E. Ridling, under order of the county court of said county on April 26, 1915, executed and filed in said court and cause as such guardian a new bond in the sum of $1,600, with W. H. Nevill and L. K. Crawford as sureties thereon, which said last-named bond was by said court approved April 27, 1915.

"(5) That on April 19, 1915, said A. E. Ridling as such guardian applied to said court for an order to sell the two-fifths undivided interest, being the interest of said wards Mary and Gladys Ridling in part of J. P. Simpson survey of land situated in the city of Bonham, Fannin county, Texas, being S. E. one-fourth of block 33; thence north 53 varas; thence west 53 varas; thence south 53 varas; thence east 53 varas to the beginning.

"(6) That said application for said sale of said two-fifths interest in said property was on 25th day of April, 1915, granted by said court.

"(7) That on 26th day of April, 1915, said Ridling as such guardian reported to said court that he had sold said two-fifths interest in said property to W. M. Halsell for the sum of $780 in cash.

"(8) That afterward on 3d day of May, 1915, said court duly approved and confirmed said sale of said interest in said land and ordered conveyance thereof to be made to the purchaser upon the payment of said sum.

"(9) That on 5th day of May, 1915, in obedience to said order of said court, said Ridling, as such guardian, executed and delivered to said Halsell his, the said guardian's deed, conveying said two-fifths interest in said property to the said Halsell, and that in consideration thereof the said Halsell paid the said Ridling as such guardian said sum of $780.

"(10) That said two-fifths interest of said property belonging to said two wards and said sum of $780 so received therefor from said Halsell was the property of said wards in equal shares.

"(11) That said Ridling as such guardian had at the time of the filing of Murphy's motion herein and still has in his possession enough of said proceeds of said sale to satisfy said Murphy's said claim, if such proceeds are subject to such payment.

"(12) That said wards have neither father nor mother; that their mother died prior to the death of their father; that the property mentioned was the homestead of their father at his death; and that his estate was solvent when he died.

"(13) That no order of probate court was ever made authorizing the guardian of either of said wards to occupy said property as the homestead for either of said wards, or for either of said wards to so occupy said property.

"(14) That the only question involved in this motion and litigation is whether or not said proceeds in said guardian's hands is subject to the payment of said Murphy's said claim; that up to the time of sale of said two-fifths interest in said property both said minors lived in the house on said property with their adult brother A. E. Ridling; and that they owned no other property at the time of said sale and had always lived in said property.

"(15) That A. E. Ridling is now 28 years of age and has always been a single man, and that his father and the father of said Mary and Gladys Ridling died in 1901, at which time A. E. Ridling was 13 years of age; that for several years prior to the sale of this property, and up to the time of the sale, A. E. Ridling had been contributing to the support of said minor sisters; that this suit was filed June 23, 1915, in county court of Fannin county; that said property was never worth as much as $5,000."

Rosser Thomas and J. W. Gross, both of Bonham, for appellant. Thos. P. Steger, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The agreed question for decision is "whether or not said proceeds in said guardian's hands is subject to the payment of Murphy's said claim." The question presented should be, we think, answered in the affirmative, that the probate court has the power, as exercised here, to subject the funds in the hands of the guardian to the payment of the duly established claim of Mr. Murphy against the minor's estate. In respect to the question presented it is the contention of appellant guardian that article 3787, exempting the funds of the voluntary sale of the homestead for six months from the date of sale, has application and restricts the authority of the court to pay the claim. It is within the power of the probate court by terms of the statute to sell the ward's real estate when such a sale is necessary for the ward's education and maintenance, or to pay debts against the estate, or when the interest of the ward will be promoted by a sale. Articles 4155, 4160, Vernon's Sayles' Stat. And it is not provided by statute that the proceeds arising from the sale of the particular land under order of the court shall not be used for the ward's benefit or debts, as may be determined by the probate court, for any specified time after the sale. Hence, when the probate court exercises its power, as it did here, to order a sale of the ward's particular land, as in the best interest of the estate, the proceeds of the sale of the particular land may, by direction of the court, as within its power so to do, be used for the ward's benefit in such way as the probate court may determine. And article 3787 does not necessarily restrict nor regulate the exercise of the power of the probate court respecting the use of the fund of such sale to the ward's benefit, as to the probate court may seem best. If the probate court had determined that it was to the best interest of the wards to reinvest the funds in a lot or house, the power would exist to do so. And likewise the power exists in the probate court to determine that it was for the best interest of the minors not to reinvest the funds in another lot or house.

Affirmed.