**RIDLING v. MURPHY. (No. 134–3032.)**

(Commission of Appeals of Texas, Section A. March 9, 1921.)

Homestead ⚖️142(1)—Proceeds of sale of ancestor's homestead for education and maintenance of minor heirs not exempt.

Where minor children, who had inherited from father an interest in land which had been occupied by him as his homestead under Const. art. 16, § 52, continued to live thereon with adult brother until land was sold for their education and maintenance, under Rev. St. 1911, art. 4155, without order having been made permitting the use of the property of the homestead by the guardian for the use of the minor children, or authorizing the proceeds of the sale of the property in the purchase of a homestead for the use of the children, the proceeds of the sale are not exempt from children's creditors for the six month period following the sale under article 3787.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Application to the probate court by Carey Murphy for an order for the payment of his claim against the estate of Mary and Gladys Ridling, minors, opposed by A. E. Ridling, guardian. Order of district court directing guardian to pay claim, on appeal from probate court, was affirmed by Court of Civil Appeals (191 S. W. 206) and the guardian brings error. Judgments of District Court and Court of Civil Appeals affirmed.

Rosser Thomas, of Dallas, and J. W. Gross, of Bonham, for plaintiff in error.

Thos. P. Stegen, of Bonham, for defendant in error.

SPENCER, J. Defendant in error, Carey Murphy, filed a motion in the probate court of Fannin county to compel plaintiff in error, A. E. Ridling, guardian of the estates of Mary and Gladys Ridling, minors, to pay a claim owing by said minors. Plaintiff in error, as guardian, resisted the motion upon the ground that the funds sought to be subjected to the payment of the claim were the proceeds of the sale of the wards' interest in the homestead of their deceased father,

and that the homestead right inured to the wards, upon the death of the father, and hence the fund was exempt from the touches of creditors until after the expiration of the six-month period allowed by statute. The probate and district courts held the fund was liable for the claim. Upon appeal the Court of Civil Appeals affirmed the judgment of the district court. 191 S. W. 206. The writ was granted upon application referred to the Committee of Judges.

The agreed statement of facts upon which the case was tried shows: That the defendant in error's claim had been duly allowed, approved, and entered upon the claim docket as required by law; (2) that the application of a former guardian to sell the two-fifths interest of the wards in said property was granted, and the property sold for $700 in cash, the sale approved and deed executed to the grantee; (3) that no order of probate court was ever made authorizing the guardian of either of said wards to so occupy the property as a homestead, though they lived upon it with their adult brother up until the time of sale. Under the provisions of article 16, § 52, on the death of the father, the homestead descended and vested, as other real property descends and vests, in his heir and was subject to partition, unless the minors be permitted under order of the court to use and occupy the same as a homestead. As a prerequisite to impress it with the homestead right for their use, an application by the guardian and order of the court was necessary. As said by the Supreme Court, speaking through Judge Stayton, in Ashe v. Yungst, 65 Tex. 631:

"If both parents die, the right of minor children, through a guardian, to occupy the homestead, is not an absolute right, as is that of a survivor, for its exercise is made to depend on the judgment of the proper court as to whether such occupation is necessary or proper."

In this case, no order was ever made permitting the use of the property as a homestead for the use of the wards, neither was there an order of court, or an application for an order, or an intention to apply for an order, to invest the proceeds of the sale of the property in a homestead for their use. On the other hand, the property was sold upon application of the former guardian. This application is not contained in the record, but we may safely assume that it was based upon statutory grounds, to wit, the education and maintenance of the wards. Article 4155, R. C. S. The guardian seeks to prevent the subjection of the proceeds of the sale to the payment of an approved debt of the wards solely upon the ground that article 3787 permits six months in which to reinvest the fund.

As a prerequisite to the exemption given by article 3787, either the proceeds must have been from the sale of property actually impressed with the homestead feature, or there must be an order of the proper court directing its investment in a homestead for the use of the wards. As neither of these elements was present, the fund in question was not exempt under the terms of the article. To permit the guardian to hold the fund without the proper order to invest in a homestead would be to circumvent the very purpose of the statutory sale.

We recommend, therefore, that the judgments of the district court and of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.