**GRIFFIN et al. v. CITY OF WAXAHACHIE et al.   (No. 623—4132.)**

(Commission of Appeals of Texas, Section A. Oct. 21, 1925.)

**1. Statutes ⬥224—Legislative acts should be construed in harmony with each other if possible.**

Both Enabling Act (Acts 33d Leg. [1913] c. 147, § 4 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1096d]) and the general paving law (Rev. St. arts. 1006–1017) should be construed in harmony with each other and not in conflict, if this may reasonably be done.

**2. Municipal corporations ⬥406(2)—Law providing abutting owners pay three-fourths of cost of improvement construed as compliance with Enabling Act requiring apportionment of costs between owners and city.**

Provisions of Rev. St. arts. 1006–1017, of street improvement law, that abutting owners may be required to pay no more than three-fourths of cost of improvement, held in compliance and not in conflict with requirements of Enabling Act (Acts 33d Leg. [1913] c. 147, § 4 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1096d]) that charter apportion between abutting owners and city the cost of street improvements.

**3. Municipal corporations ⬥455—Assessment for improvement held valid as against heirs.**

Assessment against property of plaintiff for improvements held to create a lien thereon, which would be valid, though plaintiffs, who succeeded to property on death of their mother after resolution ordering improvement was passed, had not protested against assessment.

**4. Municipal corporations ⬥586—Heirs held not personally liable for special assessment against estate.**

Where owner of property died after resolution ordering pavement and notice to owners was published, but before ordinance levying assessment, lien against property was not rendered invalid, but assessment in name of owner's estate did not create a personal liability on owner's heirs, under provision in ordinance levying assessment that it should be a personal liability against owner whether correctly named or not.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by George L. Griffin and others against the City of Waxahachie and others. A judgment of Court of Civil Appeals (257 S. W. 988) affirmed a judgment of the district court for defendants, and plaintiffs bring error. Reversed and rendered in part; otherwise affirmed.

I. M. Williams, of Dallas, and C. M. Supple, of Waxahachie, for plaintiffs in error. G. C. Groce, of Waxahachie, and Dabney, Goggans & Ritchie, of Dallas, for defendants in error.

BISHOP, J. The city of Waxahachie, in 1916, at an election held for that purpose, adopted a charter under the provisions of section 5 of article 11 of the state Constitution, known as the home rule amendment. Its charter so adopted provided that the general paving law of the Revised Civil Statutes, being chapter 11 of title 22, should be a part thereof. Thereafter the governing body of said city, on January 6, 1920, passed a resolution ordering the pavement of certain streets, including William street, on which the property of plaintiffs in error George L. Griffin, Robert B. Griffin, and James P. Griffin abuts. After competitive bids were submitted, the contract for the paving of these streets was let to Texas Bitulithic Company. Notice to owners of property and other persons interested therein was published in April, 1920, in a newspaper as required by the general paving laws (article 1013, c. 11, tit. 22) and in response thereto plaintiffs in error appeared and contested the proposed assessment against their said property.

May 3, 1921, an ordinance was passed assessing $1,093.45 against this property in the name of the estate of E. H. and Emma Griffin. This ordinance recites that the assessment is made against the property "and a personal liability is charged against the owners thereof, whether or not such owners are correctly named herein," and that the amount assessed shall bear interest at 8 per cent. per annum.

This was the community property of E. H. Griffin and wife, Emma Griffin. E. H. Griffin died in 1913, and his children, plaintiffs in error, conveyed their interest to their mother, Emma Griffin, who was the sole owner until her death in September, 1920. She died intestate. There was no administration on her es-

tate, and no necessity existed therefor. At her death title to the property vested in plaintiffs in error.

Within 20 days after the assessment was made, plaintiffs in error filed this suit in the district court to set aside or correct the assessment, and a writ of temporary injunction was issued restraining the city and its officers and agents from issuing or delivering the assignable certificates against plaintiffs in error or their property. The defendant in error Texas Bitulithic Company, by its answer, sought personal judgment against plaintiffs in error and foreclosure of lien on the property.

On trial, the jury having found, in response to special issues submitted, that the property was enhanced in value in the sum assessed against it, judgment was rendered dissolving the temporary injunction, and in favor of the city of Waxahachie for the benefit of Texas Bitulithic Company against each of plaintiffs in error for one-third of the amount of said assessment, with interest at 8 per cent. per annum from January 17, 1921, and a foreclosure of the lien created by said assessment. This judgment was by the Court of Civil Appeals affirmed. 257 S. W. 988.

Plaintiffs in error insist that the provision of the enabling Act of the Thirty-Third Legislature, c. 147, § 4 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1096d), that the cost of street improvements be by the charter apportioned between the abutting owners and the city, should be construed to mean that the charter adopted under the home rule amendment of the Constitution shall state the exact proportion of the cost of improvement the abutting owners shall be required to pay, and the exact proportion to be paid by the city, and that, as the general paving or street improvement law, being chapter 11, tit. 22, provides that the abutting owners may be required to pay not more than three-fourths of the cost of improvement, and the city pay the balance, it does not comply with the requirement of this provision of the Enabling Act, but is in conflict therewith. They contend that for this reason cities which by a vote of their people have adopted their own charter under the home rule amendment, may not include in their charter and operate under chapter 11, tit. 22, in this respect.

[1, 2] Both the Enabling Act above referred to and chapter 11, tit. 22, are laws passed by the Legislature of this state, and should be construed to be in harmony with each other and not in conflict, if this may reasonably be done. To give the Enabling Act the construction contended for by plaintiffs in error would be to hold that from this provision it must be said that it was the evident intention of the Legislature to prohibit municipalities adopting their charters under the home rule amendment from including therein the provisions of chapter 11, tit. 22, without further providing the exact proportion of the cost of such improvements to be paid by the abutting landowners and the cities, while all cities otherwise-incorporated may do so. Again, to give the construction here claimed might render the charter in some instances inoperative. Having fixed by a charter provision the exact proportion of the cost to be assessed against the owners of abutting property, the city might decide to improve or pave a certain street, and be prevented from doing so, unless all the cost should be paid by the city, for the reason that the exact proportion fixed was in excess of the benefits to the abutting property. For in that event the governing body of the city would not be authorized to assess a less amount against the property than that provided in the charter. The result would be that, to improve or pave, the city must pay all the cost. We think this construction would be unreasonable, and that the provision of chapter 11, tit. 22, that the abutting owners may be required to pay not more than three-fourths of the cost of improvement, should be construed to be a compliance with the requirement contained in the Enabling Act that the charter apportion between the abutting owners and the city the cost of street improvement. We approve the holding of the Court of Civil Appeals on this question.

[3] We also approve the holding that the assessment against the property in the name of the estate of E. H. and Emma Griffin created a lien thereon. This lien would have been valid even if the plaintiffs in error, after their mother's death, had not appeared and protested against the assessment.

[4] However, to create a personal liability against these plaintiffs in error, it was necessary that there be a personal assessment against them. Their mother, Mrs. Emma Griffin, was living, and the sole owner of the property at the time the resolution was passed and at the time notice to the owners was published. While her death prior to the date of the ordinance levying the assessment against the property did not render the lien invalid, such assessment in the name of her estate could not have the effect to render personally liable her children and only heirs, regardless as to whether there was any necessity for an administration on her estate. The recital in the ordinance levying the assessment, that same should be a personal liability and charge against the owners whether or not such owners are correctly named, cannot be construed as a personal assessment against the plaintiffs in error. No such assessment was made, and no personal liability exists. Jones v. El Paso Bitulithic Co. (Tex. Civ. App.) 246 S. W. 749.

We therefore recommend that the judgments of the district court and Court of Civil Appeals be reversed and rendered, in so far as personal judgment against plaintiffs in error is awarded, but that in all other respects the judgments be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court reversed and rendered as to any personal judgment against the plaintiffs. in error; in other respects the judgments of the district court and Court of Civil Appeals are affirmed.