**PLEASANT v. MIMS et al.**

**No. 1022.**

Court of Civil Appeals of Texas. Eastland.

Dec. 2, 1932.

W. H. Graham, of Houston, for appellant.

Thomas & McDonald, of Big Spring, for appellees.

**HICKMAN, C. J.**

■ Appellant instituted this suit against the children of S. Mims and wife, Mattie Mims, both deceased; on two paving certificates issued by the city of Big Spring to his assignor, Carl Pleasant. He did not pray for personal judgment against any of the defendants, but for judgment establishing the amount chargeable to each defendant as his interest might appear in the property involved, including interest and attorney's fees, and for a foreclosure of his assessment lien upon the property involved in the suit against the respective interests of the defendants. At the conclusion of the testimony the court peremptorily instructed the jury to find for the defendants, and judgment was entered upon the verdict returned in obedience to such instruction. We cannot be certain from the record upon what theory the peremptory instruction was given, but from the contentions of appellees as disclosed in the statement of facts and briefs, it would appear that the theory was either that no valid assessment had been made or that the property was the homestead of the defendants, and for

172

that reason no lien was fixed upon their property. Briefly stated, the material facts established upon the trial were as follows: All the property was formerly the homestead of S. Mims and wife, Mattie Mims. The latter died in 1920 and the former in 1924. There were nine children born to them, all of whom are still living. After the death of Mrs. Mims in 1920, the father and some of the children continued to live upon the property. Three of these children were minors at the time of the death of their father, and two of them are still minors. After the death of S. Mims, the father, in 1924, the grandmother of the children, who had theretofore kept house for the father, continued to reside upon the property with said minor children and keep house for them. The grandmother died before the case was tried below, but the proceedings for the fixing of the lien were had between the date of the death of the father and that of the grandmother, at a time when the premises were occupied by the grandmother and some of the children, including the minors. In all the proceedings for the fixing of the lien, including the notice, ordinance, and certificate, the owner of the property was given as "S. Mims estate." In support of the judgment below, appellees contend here, as they did upon the trial, that "S. Mims estate" is not a legal entity and the assessment was void because not made against, or notices issued to any definite or ascertainable person or persons as owners.

We cannot sustain this contention. The requisites of the notice in such cases are set forth in section 9 of chapter 106, Acts of the First Called Session, Fortieth Legislature, 1927, brought forward in Vernon's Annotated Texas Civil Statutes as article 1105b. It is not one of the requisites of a notice as there prescribed that the owner or owners of the property be named therein, and in section 6 of the same act it is provided that assessments against abutting property shall be a first and prior lien thereon and shall be a personal liability and charge against the true owners "whether named or not." Since it was not necessary to the validity of the notice that the owner or owners be named therein, it follows that the designation of the owner as "S. Mims estate" was sufficient. This exact question was decided in Johnson v. Lindsay (Tex. Civ. App.) 30 S.W.(2d) 655. See, also, Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631, reversed on other grounds in (Com. App.) 242 S. W. 185; Griffin v. City of Waxahachie (Tex. Com. App.) 276 S. W. 201.

Appellee relies upon the case of El Paso Bitulithic Co. v. Neill (Tex. Civ. App.) 266 S. W. 593. In that case there was a city ordinance providing that, in levying assessments, the city council shall "name the owner or owners at the time of such assessment, if known, or if not known, shall designate as unknown." The notice failed to comply with the terms of the ordinance. The statutes (article 1094, R. S. 1925, and article 1105b, § 12, Vernon's Ann. Civ. St.) expressly confer upon the governing body of a city the power to adopt rules and regulations governing the giving of notices of a proposed assessment. When such rules are adopted by a city, a compliance therewith is essential to the validity of a lien attempted to be fixed thereunder. In the instant case there is no showing of any resolution or ordinance by the governing body of the city of Big Spring providing for any character of notice further than that prescribed by statute.

In the trial court appellant saw fit not to seek a personal judgment against any of the owners of this property, but sought only to establish the amount of his claim and have same declared a lien on the respective interests of the owners, with an order of foreclosure as to each. Appellees insist that, by appellant's failure to assert a personal indebtedness against them, he thereby forfeited his right to claim a lien against their property, for the reason that a lien cannot exist in the absence of an indebtedness. This exact question was decided by this court in Realty Trust Co. v. First Baptist Church of Haskell, 46 S. W.(2d) 1009, contrary to appellees' contention. In that case we held that the owner of the certificate for street improvement assessment could not recover a personal judgment against the First Baptist Church of Haskell, because it was an unincorporated association and not a legal entity, but that the court could render judgment establishing the debt and foreclosing the lien against the property subject thereto, notwithstanding its lack of power to render a personal judgment against the church as such. In Griffin v. City of Waxahachie, supra, the lien was established and foreclosed, although a personal judgment was denied. See, also, Elmendorf v. City of San Antonio, supra; Dewey v. City of Des Moines, 173 U. S. 193, 19 S. Ct. 379, 43 L. Ed. 665.

The defense of homestead will be considered, first, with reference to the adult children, and, second, with reference to the minors. Under the Constitution, art. 16, § 52, upon the death of the parents, their homestead descended to their surviving children without being subject to partition, so long as the guardian of the minor children might be permitted, under the order of the court, to use and occupy the same. The interests of the surviving adult children were not their homesteads. They did not reside on the property or use same as a homestead. These interests were not subject to the claims of general creditors of their father and mother, but could be sold under execution to satisfy a judgment against such heirs. Bell v. Read, 23 Tex. Civ. App. 95, 56 S. W. 584; Gregg v. First National Bank (Tex. Com. App.) 26 S.

W.(2d) 179; Caples v. Ward, 107 Tex. 341, 179 S. W. 856.

It was held in Harris v. Seinsheimer, 67 Tex. 356, 3 S. W. 307, that a judgment lien attached to the interest of an adult heir inherited in the homestead property of his father. That is determinative of the question here under review.

■ With reference to the rights of the minors, Mr. Nunn, in his recent text on "Texas Homestead and Other Exemptions," well states the rule, as follows: "While the title to homestead property, when there are surviving minor children, passes to the heirs or devisees, free from all debts of the deceased, except such as constituted a valid lien thereon, as against the deceased; yet in the absence of an order of the proper court, placing the property in the possession of the guardian as homestead for the minors, the property is not exempted from the payment of the debts of the minors, properly contracted for them, should they own the property, or an interest therein, as heirs or devisees of the deceased parent." Nunn on Exemptions, chap. 8, § 10, pp. 249, 250. This statement from the text is well supported by the decision of the Supreme Court in an opinion by the Commission in Ridling v. Murphy, 228 S. W. 165. In that case, as in the instant case, no order of the probate court had been made authorizing the guardian to occupy the homestead for the use of the minor children, but an order was entered authorizing the sale thereof for the benefit of the children. The question presented for decision was whether the proceeds of the sale of the property were exempt from the childrens' creditors for the six months' period following the sale. Clearly, if the property was homestead of the children, the proceeds were exempt by statute (article 3834) for a period of six months. The question was therefore sharply presented whether the property constituted the homestead of the minors in the absence of an order of the probate court permitting the guardian to occupy same for their use, and it was held that the proceeds of the sale were not exempt from the claims of the creditors of the minors, because the property was not their homestead. That decision is sound in principle. The statutes of descent and distribution make no distinction between adult and minor heirs other than as to the possessory right of the surviving parent or guardian of the latter in the homestead. In case of the death of both parents, this possessory right through a guardian is not absolute, for, by the Constitution, it is dependent upon the judgment of the proper court as to whether it should be exercised. Ashe v. Yungst, 65 Tex. 631.

In the foregoing discussion of the homestead question we have assumed that the issue was raised by the pleadings. The briefs of the parties so assumed, and we have expressed our views thereon in view of the fact that the case must be retried. An inspection of the transcript discloses that the appellees filed only a general demurrer and general denial. There is in the transcript an answer filed by Clyde E. Thomas, as attorney ad litem for the unknown heirs of S. Mims, deceased, in which answer it was pleaded that a portion of this property was the homestead of the defendants. We are not advised by the record why this answer was filed. The unknown heirs of S. Mims were not parties to the suit, and there is no order in the record appointing a guardian ad litem for them and no occasion for such an order.

■ We cannot properly render judgment in this case. The record fails to show that the minors were before the trial court or that they are properly before this court for the purpose of having a judgment rendered against them. There is no order appointing a guardian ad litem for them, and they do not answer by guardian ad litem. No citation is in the transcript. They answer as adults the same as the other defendants. By article 2159, R. S. 1925, it was the duty of the trial court to appoint a guardian ad litem for them, and a judgment against them by this court without a guardian ad litem having been appointed by the lower court would be erroneous. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567; Butner v. Norwood, (Tex. Civ. App.) 81 S. W. 78; Grogan v. Spaulding (Tex. Civ. App.) 155 S. W. 1014; Kelly v. Kelly (Tex. Civ. App.) 178 S. W. 686.

The judgment of the trial court will be reversed, and the cause remanded.