

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 7, 1971

Hon. Bevington Reed
Commissioner, Coordinating Board
  Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Dear Dr. Reed:

Opinion No.  M-851

Re:  Can the Houston In-
     dependent School District
     establish a junior college
     district under provisions
     of Section 51.011 of the
     Texas Education Code?

        You have requested the opinion of this office concern-
ing whether the Houston Independent School District may utilize
the provisions of Section 51.011 of the Texas Education Code to
organize a junior college district coterminous with the bound-
aries of the Houston Independent School District or must the
organization and creation of such a junior college district be
pursuant to the provisions of Article 2815h-2a, Vernon's Civil
Statutes.

        Both Section 51.011 of the Texas Education Code and
Article 2815h-2a were enacted by the 61st Legislature in 1969.
Section 5 of House Bill 534, Acts of 61st Legislature, 1969,
Regular Session, Chapter 889, the Texas Education Code, pro-
vides that:

        "If any act passed at the same session of
    the legislature conflicts with any provision of
    the Texas Education Code, the act prevails."
    (Emphasis added.)

This office has previously held that in instances where a pro-
vision of the Texas Education Code conflicts with another statute
passed at the same session of the Legislature which enacted the
Code that the provisions of the statute control over the pro-
visions of the Texas Education Code.  Attorney General's Opinion
No. M-649 (1970).  In view of the foregoing, it becomes necessary
to ascertain whether Section 51.011 of the Texas Education Code
and Article 2815h-2a are in conflict.

        Section 51.011 of the Texas Education code and the en-
suing sections of Subchapter B thereof, as well as Article 2815h-2a,
deal with the creation of junior college districts.

-4132-

Section 51.011 authorizes the establishment of an independent school district junior college in instances where the assessed property valuation of the district is not less than $12,000,000 and the average daily attendance in the high schools within the district is not less than 400 students, or where the assessed property valuation of the district is $20,000,000 or more and the average daily attendance in the high schools within the district is less than 400 students but not less than 300 students.

The petition for an election to create a junior college district pursuant to Section 51.011 is provided for in Section 51.012, and such petition must be signed by not less than five percent (5%) of the qualified taxpaying electors of the proposed district.  Pursuant to the provisions of Section 51.016 and Section 51.017 a junior college district established pursuant to Section 51.011 may be governed by either the board of trustees of the independent school district or a separate board of trustees for the junior college district.  Section 51.012 authorizes the governing board of a junior colelge district created pursuant to Section 51.011 to issue bonds and levy ad valorem taxes.  The annual bond tax rate is limited to fifty cents ($.50) on the $100 valuation of taxable property in the district, and the annual bond tax together with the annual maintenance tax cannot exceed the aggregate of one dollar ($1) on the $100 valuation of taxable property in the district.

Article 2815h-2a authorizes the creation of junior college districts by school districts having an assessed valuation of more than $3,868,000,000 and located in a county having a population of 1,200,000 or more.  Section 2 of Article 2815h-2a provides for the calling of an election to create a junior college district upon the petition of at least ten percent (10%) of the qualified taxpaying voters of the district.  If authorized by the voters a junior college district created pursuant to Article 2815h-2a may issue bonds and levy a tax not to exceed ten cents ($.10) per $100 of the assessed valuation of all taxable property situated within the district.  Section 5 of Article 2815h-2a requires the election of a board of trustees to govern the junior college district at the time of the election to decide the issue of creating the junior college district.

The foregoing observation concerning the provisions of Article 2815h-2a and Subchapter B of the Texas Education Code disclose that there exist numerous differences between the two procedures for creating junior college districts -- the percentage of voters to be obtained on the petition calling

for an election on the issue of creating the junior college district, the tax vote, the manner of providing for the governing board of the junior college district, and the basic requirements that a district must have to avail itself of either Section 51.011 of the Texas Education Code or Article 2815h-2a.

As Section 51.011 of the Texas Education Code and Article 2815h-2a do differ in their provisions, this then raises the question of whether the Houston Independent School District may comply with the provisions of Subchapter B of the Texas Education Code or must it comply and be governed by the provisions of Article 2815h-2a in connection with the creation of a junior college district. Pursuant to our holding in Attorney General's Opinion M-649 (1970), if these provisions are in conflict then the provisions of Article 2815h-2a will control.

Section 1 of Article 2815h-2a provides, in part, that:

"A school district . . . may establish a junior college district as provided by the Act." (Emphasis added.)

Subdivision (a) of Section 51.011 of the Texas Education Code provides that:

"An independent school district junior college may be established in either of the following types of units:" (Emphasis added.)

By the information contained in your request for our opinion, it would appear that the Houston Independent School District meets the basic requirements to avail itself of either the provisions of Article 2815h-2a or the provisions of Section 51.011 of the Texas Education Code in connection with the creation of a junior college district. However, your request further indicates that the Houston Independent School District has elected to proceed pursuant to the provisions of Subchapter B of the Texas Education Code rather than Article 2815h-2a.

Where statutes relating to the same subject matter are enacted at the same session of the Legislature, it is presumed that they were enacted by the same policy and imbued with the same intent, and in ascertaining legislative intent they will be read together as though they were embraced in one act or were supplemental to each other since they are in pari materia. Garrett v. Mercantile National Bank at Dallas, 140

Tex. 394, 168 S.W.2d 636 (1943).  The courts will generally interpret the language used in a statute in a manner to make all relevant laws harmonious if possible.  State v. Standard Oil Co., 130 Tex. 313, 107 S.W.2d 550 (1937); Griffin v. City of Waxahachie, 276 S.W. 201 (Comm.App. 1925).  Statutes enacted by the same Legislature relating to the same subject should be interpreted, if possible, so as to harmonize their provisions. Slater v. Ellis County Levee Improvement District No. 9, 120 Tex. 272, 36 S.W.2d 1014 (1931).  Statutes will not be construed as conflicting if such construction can be reasonably avoided.  Mitchell v. Hancock, 196 S.W. 694 (Tex.Civ.App. 1917, no writ).

Both Article 2815h-2a and Section 51.011 of the Texas Education Code make use of the word "may" in connection with the creation of a junior college district.  In the case of Ross v. Tide Water Oil Co., 136 Tex. 66, 145 S.W.2d 1089 (1941), the Court stated:

> "'May' will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate it was used in that sense. . . ."

The courts have normally interpreted the word "may" to be permissive rather than mandatory.  See Hudson Underwriters Agency of Franklin Fire Insurance Co. v. Ablon, 203 S.W.2d 584 (Tex. Civ.App. 1947, error dism.); Kleck v. Zoning Board of Adjustment of City of San Antonio, 319 S.W.2d 406 (Tex.Civ.App. 1958, error ref.); State v. Clements, 319 S.W.2d 450 (Tex.Civ.App. 1958, error ref.).  As the Legislature has made use of the word "may" in both Article 2815h-2a and Section 51.011 of the Texas Education Code, it would seem to indicate that the intent was to make available alternative procedures which could be used in creating a junior college district.  Had the Legislature desired that only Article 2815h-2a or Section 51.011 of the Texas Education Code be available, it would seem that mandatory rather than permissive language would have been used.

In view of the foregoing rules of statutory construction, and in view of the use of the word "may" in both Section 51.011 of the Texas Education Code and Section 1 of Article 2815h-2a, we are of the opinion that the provisions of Subchapter B of the Texas Education Code and Article 2815h-2a should be given a construction or interpretation which would harmonize them rather than raise a conflict between them.  Consequently, we are of the

opinion that Section 51.011 of the Texas Education Code and Article 2815h-2a provide for alternative means of creating or establishing a junior college district, and the Houston Independent School District has the option of selecting which of the procedures available it will follow and by which it will be governed in establishing such district.

S U M M A R Y

Section 51.011 of the Texas Education Code and Article 2815h-2a, Vernon's Civil Statutes, provide for alternative means of creating or establishing a junior college district and are not in conflict.  The Houston Independent School District has the option of selecting which of the procedures available it will follow and by which it will be governed in establishing such district.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Lattimore
Vince Taylor
Tom Sedberry
Linward Shivers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant