## Wallis, Landes & Company v. A. E. Stuart.

### No. 776. Decided April 10, 1899.

**1. Jurisdiction of Supreme Court—Certified Questions.**

The Supreme Court has jurisdiction to pass upon a question certified to it by the Court of Civil Appeals, though it arise in a case in which the jurisdiction of that court is final. The ruling in Herf v. James, 86 Texas, 230, explained and limited to cases arising on certificate of dissent; construing Revised Statutes, articles 1040-1043. (Pp. 572, 573.)

**2. Minor—Judgment Against—Setting Aside.**

Judgment against a minor served with process, but having no guardian or guardian ad litem, is voidable; it may be set aside on appeal or error where the error appears on the face of the record; where it does not so appear it may be done by an original action to vacate the judgment and procure a new trial, without alleging fraud in its procurement. (Pp. 573-574.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Galveston county.

*Davidson, Minor & Hawkins,* for appellant, on motion to dismiss. The Constitution provides that, "Until otherwise provided by law, the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases in the courts of civil appeals in which the judges of any court of civil appeals may disagree, or where the several courts of civil appeals may hold differently on the same question of law, or where a statute of the State is held void." Const., art. 5, sec. 3.

The statute defining the appellate jurisdiction of the Supreme Court is as follows: "The Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the courts of civil appeals have appellate but not final jurisdiction." Rev. Stats. 1895, art. 940.

This court is not authorized to take jurisdiction of this case unless such authority is given under the act approved May 2, 1893 (Acts Twenty-third Legislature, 1893, page 100), which provides as follows: "Whenever in any case pending before the Court of Civil Appeals there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided by the Supreme Court, and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted." Rev. Stats. 1895, art. 1043.

This section as originally enacted read as follows: "Sec. 35. Whenever, in any case pending before the Court of Civil Appeals, of which said Court of Civil Appeals has final jurisdiction, there should arise an issue of law that is novel, or presenting a question of first impression to the court, and the Court of Civil Appeals should deem it advisable to present the issue to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided to the Supreme Court, and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted." Act April 13, 1892, 1st Called Sess. 22d Leg., p. 31.

From a comparison of the two last statutes, it will be observed that the Act of May 2, 1893, was evidently passed for the purpose of relieving the conflict existing between section 35 of the Act of April 13, 1892, supra, and section 5 of the same act, which declares that: "The judgment of the courts of civil appeals shall be conclusive in all cases on the facts of the case, and a judgment of such courts shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto from the Supreme Court, in the following cases, to wit: (1) Any civil case appealed from the county court, or from a district court when under the Constitution a county court would have had original or appellate jurisdiction to try it, except in probate matters, and in cases involving the revenue laws of the State or the validity of a statute. (2) All cases of

boundary. (3) All cases of slander and divorce. (4) All cases of contested elections of every character other than for State officers, except where the validity of the statute is attacked by the decision." Sec. 4, Act April 13, 1892, 1st Called Sess. 22d Leg., 26; Rev. Stats. 1895, art. 996.

The provisions of section 5 of the Act of April 13, 1892, and of section 35 of the same act as amended May 2, 1893, should each be given effect, which, if done according to the rules for the construction of statutes, would result in the interpretation of the law as follows: "Whenever, in any case pending before the Court of Civil Appeals, except a case of which the Court of Civil Appeals has final jurisdiction, there should arise an issue of law," etc. Otherwise, the provision of section 5 of the act above referred to, making the judgment of the Court of Civil Appeals conclusive on the law and fact, is defeated.

While it is true that this court entertained jurisdiction of questions certified to it as novel, etc., by the Court of Civil Appeals in a case in which the Court of Appeals had final jurisdiction (Darnell v. Lyon, 85 Texas, 455, Judge Stayton dissenting), yet that case was decided prior to the act of May 2, 1893, amending section 35 of the Act of April 13, 1892, supra, and under the present statute, it seems clear that questions may be certified to the Supreme Court in such cases only as courts of civil appeals are not given final and conclusive jurisdiction over, both as to law and fact. Herf v. James, 86 Texas, 230; Railway v. Ramey, 86 Texas, 455; Railway v. Langsdale, 88 Texas, 513.

Same counsel, on merits of question certified.—A judgment against a minor not represented by a guardian ad litem is not void, and the failure to appoint a guardian ad litem was at most only an irregularity in nowise affecting the jurisdiction of the court rendering the judgment. Rev. Stats., art. 1210; Montgomery v. Carlton, 56 Texas, 361; Martin v. Weyman, 26 Texas, 468; Freem. on Judg., 3 ed., sec. 151; Blake v. Douglass, 27 Ind., 416.

The plea of infancy is a plea of personal privilege or exemption, which may be waived, and if it is not pleaded, a judgment against the infant is binding upon him. 1 Black on Judg., sec. 196; Freem. on Judg., 3 ed., sec. 151; 10 Enc. of Plead. and Prac., 692, note 3; 2 Beach on Con., 1780, sec. 1351; Blake v. Douglass, 27 Ind., 416; Ludwick v. Fair, 7 Ired., 422; Cohee v. Baer, 134 Ind., 375; Levystein v. O'Brien, 30 Law. Rep. Ann., 707; Campbell v. Wilson, 23 Texas, 254; Cannon v. Hemphill, 7 Texas, 202; Moke v. Fellman, 17 Texas, 368; Sayles' Texas Pleadings, ed. 1893, sec. 460.

Where the fact that defendant was an infant when the judgment was rendered against him does not appear on the record, an attempt to prove infancy by matters dehors the record is a collateral attack on the judgment which can not be made by a party thereto. Cohee v. Baer, 134 Ind., 375; Beach on Contracts, 1780, sec. 1351; Van Fleet on Coll. Att., secs. 4, 614; Andrews v. Andrews, 54 Tenn., 234.

Infancy will not be presumed, and until it is alleged a party need not negative such disability. Jarman v. Windsor, 2 Harr., 162; Roe v. Angevine, 7 Hun, 679; Bryant v. Pottinger, 6 Bush, 473; Clemson v. Bush, 3 Binn., 413; Campbell v. Wilson, 23 Texas, 253; Sliver v. Shelback, 1 Dall., 165.

A plea of infancy is a personal privilege which may be waived, and if not pleaded it is waived, and the judgment is binding. Jackson v. Brunor, 16 Misc. Rep., 294; Cohee v. Baer, 134 Ind., 375; Blake v. Douglass, 27 Ind., 416; Littleton v. Smith, 119 Ind., 230.

A defendant who has failed to avail himself of a plea of infancy has no remedy by writ of error coram nobis. Cohee v. Baer, 134 Ind., 375.

W. F. *Hays,* for appellee.—A judgment may be attacked for matter dehors the record by bill of review or some direct proceeding instituted for that purpose within period prescribed by law, and infancy is one of the best grounds therefor known to both law and equity, and such direct proceeding is not a collateral attack. Sayles' Plead., 291; Sayles' Rev. Stat., art. 1373, note 4; 54 Texas, 78, 535; 59 Texas, 684; 62 Texas, 670; 57 Texas, 131.

Failure to appoint guardian ad litem for infant renders judgment voidable, and a direct proceeding is the remedy for the infant. Montgomery v. Carlton, 56 Texas, 365; Freem. on Judg., sec. 151.

Infant can avail himself of plea of personal privilege after attaining age of 21. In legal and equitable cases rules of pleading are the same, and the Texan pleader may make his allegations without any distinction between suits at law and in equity under statutes. A bill of review or direct proceeding alleging infancy and insolvency is an adequate plea of privilege when filed with diligence. Sayles' Rev. Stats., arts. 3373, 1191; Johnson v. Davis, 7 Texas, 173; Smith v. Doak, 3 Texas, 215; Fitzhugh v. Custer, 4 Texas, 391; Mitchell v. Sheppard, 13 Texas, 484.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and questions:

"On September 18, 1894, the appellants recovered a judgment against the appellee in the County Court of Galveston County in a suit for the value of merchandise sold by them to him. The appellee filed this suit May 31, 1897, in the court in which the judgment against him was rendered, to set aside that judgment. The only ground alleged in the petition for setting aside the judgment is that appellee was a minor when it was rendered, and that the merchandise sold to him by the appellants was not necessaries, but was bought by him for the purpose of carrying on business as a merchant. The petition showed that appellee became of age May 14, 1897, and that for some time prior thereto he had not had possession of the said goods nor any of the proceeds thereof. Demurrers to the petition were overruled. Evidence was heard which showed the above alleged facts to be true. It also appeared from the

evidence that at the time the appellants brought their suit against the appellee they knew that he was a minor, but brought their suit, as against a person sui juris, without taking any notice of his minority or having a guardian ad litem appointed to represent him in the suit. · The appellee was served with process, but failed 'to answer, and judgment was rendered against him as on default. The record in that suit nowhere discloses the fact of the appellee's minority. The court instructed the jury that they should find for the plaintiff unless they believed from the evidence that he made· fraudulent representations to the appellants as to his age when the goods were purchased. No issue as to fraud in the procurement of the judgment was raised by the pleadings or submitted to the jury.

"The following questions are certified for the decision of the Supreme Court:

"1.   Having failed to appeal or sue out a writ of error, can the appellee maintain this suit to set aside the judgment? Since the record did not disclose the fact of his minority at the time of the judgment, he could not have had it reversed on appeal or writ of error.

"2.   If the first question is answered in the affirmative, was the petition sufficient to entitle the appellee to have the judgment set aside upon the bare allegations, for cause, that he was a minor when the judgment was rendered and that the merchandise was not for necessaries, without alleging fraud in the procurement of ·the judgment or some equitable reason therefor?

"3.   The evidence having shown that appellants were aware of appellee's minority when they brought their suit, if it should be held that the petition is insufficient, is the evidence sufficient to have the case remanded to enable the appellee to amend his petition and have the· issue of fraud in the procurement of the judgment submitted to a jury? Would the fact of the knowledge of appellants, when they sued him as· sui juris and took judgment against him by default knowing that he was a minor, be sufficient evidence of fraud in the procurement of the judgment to be submitted to the jury?"

The appellants have filed a motion to dismiss the certificate on the ground that this court is without jurisdiction to answer the questions, and in support of the motion we are cited to the case of Herf v. James, 86 Texas, 230. That was a certificate of dissent sent up under the provisions of section 32 of the Act of April 13, 1892, for the organization of the courts of civil appeals, which section is now article 1040 of the Revised Statutes. The case in which the certificate was sent up was one over which, as prescribed by the statute, the jurisdiction of the courts of civil appeals was final. Since section 34 of the act mentioned—now article 1042 of the Revised Statutes—provided that the decision of this court should "be entered as the judgment of the Court of Civil Appeals," it was held that sections 32, 33, and 34 in regard to certificates of dissent did not apply to cases over which the jurisdiction of the Court of Civil Appeals was final. In other words, the court were of opinion that there

was an inconsistency in the two provisions which should be reconciled by holding that the sections relating to certificates of dissent were not intended to apply to cases which were subject to final determination in the Court of Civil Appeals. The question before us arises, it is true, in a case in which this court has no power to grant a writ of error; but they are not certified under article 1040 of the Revised Statutes, but under article 1043. The latter article reads as follows: "Whenever in any case pending before the Court of Civil Appeals there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided by the Supreme Court, and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted." Under this article, the Court of Civil Appeals is required, after the decision of this court upon the question, to enter its own judgment. This is not inconsistent with the finality of its jurisdiction.

But the history of article 1043 leaves no room to doubt the intention of the Legislature as to the matter under consideration. That article had its origin in section 35 of the act to organize the courts of civil appeals above mentioned. That section reads as follows: "Whenever, in any case pending before the Court of Civil Appeals, of which said Court of Civil Appeals has final jurisdiction, there should arise an issue of law that is novel, or presenting a question of first impression to the court, and the Court of Civil Appeals should deem it advisable to present the issue to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided by the Supreme Court, and during the pendency of the decision by the Supreme Court, the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted." This provision not only authorized certified questions in cases over which the Court of Civil Appeals was final, but confined the power to that class of cases. The section was amended by the Act of May 2, 1892, and as so amended is now article 1043 of the Revised Statutes, which is quoted above. The purpose of the amendment was not in any manner to restrict the power previously conferred, but to extend it to every case in the Court of Civil Appeals without any distinction whatever. The motion to dismiss is overruled, and we proceed to answer the questions.

It is an elementary rule of the common law that an infant must sue by his next friend and defend by a guardian ad litem. Article 1211 of our Revised Statutes makes it the duty of the court, in case the infant defendant has no regular guardian, to appoint a guardian ad litem to make his defense. In Taylor v. Rowland, 26 Texas, 293, it was held upon appeal to be reversible error to render judgment against a minor without his being represented by a guardian. If the minor has been served with

process, such a judgment is voidable but not void. In the case cited, the fact of the minority was shown by the petition. When the error appears upon the face of the record, advantage may be taken of it by an appeal or a writ of error in the nature of an appeal. If it does not so appear, it can be availed of only by a proceeding to set aside the judgment in the court in which such judgment was rendered. At common law, the appropriate proceeding in such a case was the writ of error coram nobis, but for many years that proceeding has fallen into disuse in this country. Pickett v. Legerwood, 7 Pet., 144; Peak v. Shasted, 21 Ill., 137. In the cases last cited, it is held that the judgment may be vacated upon motion. It may be doubted whether a motion is an appropriate remedy, unless filed and acted upon at the term at which the judgment was rendered. But that is a question which we need not decide, for, as we understand from the statement accompanying the certificate, this was an original action to vacate the judgment and to procure a new trial of the cause. The intimation of the court in Weaver v. Shaw, 5 Texas, 286, is that "an application in the nature of a writ of error coram nobis" is the proper proceeding in such a case, and it seems to us the suit brought in this case to reverse the judgment may be deemed such a proceeding. If there be a difference, it can only be in a matter of form which it is the policy of our law to disregard.

So far as our research has extended, all the authorities concur in holding that although a judgment rendered against a minor defendant without the appointment of a guardian ad litem to defend for him may not, for that reason alone, be void and therefore subject to collateral attack,—yet it is erroneous and may be set aside in a proceeding brought directly for that purpose. Neenan v. St. Joseph, 126 Mo., 89; Peak v. Shasted, 21 Ill., 137; Timmons v. Timmons, 6 Ind., 8; Walkenhorst v. Lewis, 24 Kan., 420; Meredith v. Sanders, 2 Bibb, 101; Hull v. Hull, 26 W. Va., 1; Castledine v. Mundy, 4 Barn. & Ad., 90.

In this case, as we understand from the statement accompanying the questions, the defendant in the judgment brought in the court in which it was rendered a suit to set it aside, alleging that he was a minor, that he was sued as an adult, and that he was not defended by a guardian, and also facts which showed a lawful defense to the action. We think the proceeding was competent, and that upon proof of his allegations he was entitled to have the judgment vacated and a new trial awarded.

We therefore answer the first and second questions in the affirmative. Since we do not hold the petition insufficient, we are not called upon to answer the third.