GROGAN v. SPAULDING et al.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 1, 1913. On Appellant's Motion for Rehearing March 8, 1913. On Appellees' Motion for Rehearing April 12, 1913.)

1. INFANTS (§ 113*)—ACTIONS—JUDGMENT—CONCLUSIVENESS.

Infants may sue and be sued, and are as much bound by the judgment or decree as if they were adults.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 321; Dec. Dig. § 113.*]

2. INFANTS (§ 78*)—ACTION AGAINST INFANT—GUARDIAN AD LITEM—APPOINTMENT.

Failure of the court to appoint a guardian ad litem for an infant defendant, as required by Rev. Civ. St. 1911, art. 1942, is an error for which the judgment against the infant will be reversed, but does not render the judgment void.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 195–207, 209; Dec. Dig. § 78.*]

3. INFANTS (§ 113*)—JUDGMENT—CONCLUSIVENESS—ACTION AGAINST INFANT.

Where a judgment was recovered against an infant for the balance of the price of an automobile sold to him, which judgment the infant paid, it was conclusive against him; and he could not recover the amount so paid on disaffirming the contract to purchase immediately after reaching his majority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 321; Dec. Dig. § 113.*]

Appeal from District Court, Taylor County; T. L. Blanton, Judge.

Action by P. T. Grogan, Jr., against John Spaulding and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. M. Wagstaff, of Abilene, Theo. Mack, of Ft. Worth, and J. F. Cunningham, of Abilene, for appellant. Kirby & Davidson, of Abilene, for appellees.

SPEER, J. P. T. Grogan, Jr., sues John Spaulding and Will Spaulding, composing the firm of Spaulding Bros., to recover a sum of money paid to the defendants for a certain automobile; the petition alleging that at the time of said payment the plaintiff was a minor, and that on reaching his majority he had promptly elected to rescind the purchase.

The defendants answered generally, and specially by a plea of res adjudicata. A trial before the court resulted in a judgment for the defendants, and the plaintiff has appealed.

[1] A single assignment is presented, raising the sole question that the court erred in rendering judgment for the appellees upon the undisputed evidence to the effect that at the time appellant paid the consideration

for the automobile he was a minor, and that on arriving at his majority he had elected to rescind the contract of purchase, tendering the machine back to the appellees; and, further, that at the time appellant was sued by appellees for the purchase money of the automobile he was yet a minor. It is also shown that in the suit by appellees against appellant no guardian ad litem was appointed by the court, but an appeal was taken by the minor, and the judgment against him was affirmed by this court, which judgment has never in any manner been vacated or set aside. Appellant invokes the familiar rule that a minor, upon reaching his majority, may elect to rescind his contract, made during his minority, and recover back the consideration paid. He insists that he is in no worse position by reason of the demand against him having been reduced to judgment during his minority than if he had paid the same voluntarily; that in either instance he could recover the money paid. But we cannot agree to this contention. Infants are permitted to sue and be sued, and are as much bound by the judgment or decree as if they were adults. Cannon v. Hemphill, 7 Tex. 184; 27 Cen. Dig. tit. Infants, § 321.

[2] Article 1942, Revised Statutes 1911, makes it the duty of the court, in case an infant defendant has no regular guardian, to appoint a guardian ad litem to defend for him, and the failure of the court to make such appointment is an error for which the judgment rendered against such minor will be reversed; but it has never been held that the judgment is for that reason void. Taylor v. Rowland, 26 Tex. 293; Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567.

[3] In the case last cited our Supreme Court holds that a minor sued as an adult and not defended by a guardian ad litem might properly sue to set aside such judgment, and to have a new trial awarded him; but until such course has been pursued, or the judgment against him in some manner annulled, the minor is as much bound by the adverse decree as any other litigant, and cannot, upon reaching his majority, disaffirm the judgment as he would a contract. In short, the judgment imports verity and implies a finding against the plea of minority, or that the contract was for necessaries, or otherwise that all proper defenses arising out of the minority of the defendant have been decided adversely to him. If such issues are improperly decided, the minor's remedy is by appeal or other direct attack, and not by collateral attack, as is attempted in this instance.

There is no error in the judgment, and it is affirmed.

## On Appellant's Motion for Rehearing.

We see no reason to recede from our views expressed in the original opinion as to appellant's right to recover the amount paid in satisfaction of the judgment against him; but as to the sum of $50, paid at the time he contracted to purchase the automobile, we think the trial court should have rendered judgment in his favor. On the original hearing we considered only his right to recover back the amount paid under the judgment, but a re-examination of the assignment of error convinces us that it is broad enough to cover the $50 item as well. When this initial sum was paid, the appellant was, of course, a minor, and the undisputed facts show that upon reaching his majority he promptly disaffirmed and elected to rescind the contract of purchase. The evidence establishes the fact that if the machine was not absolutely worthless it had been duly tendered back to the appellees, both before and after appellant attained his majority. Appellees have not answered this contention of appellant, and we see no reason why judgment should not now be rendered in his favor for this item.

Rehearing granted, judgment of the lower court reversed, and judgment here rendered for appellant for the sum of $50, together with all costs.

## On Appellees' Motion for Rehearing.

The opinion rendered on appellant's motion for rehearing, wherein the judgment of the lower court was reversed and judgment rendered for appellant for the sum of $50, is withdrawn and all assignments overruled, and the judgment of the lower court in all things affirmed. We make this order in view of the fact, called to our attention in appellees' motion for a rehearing, that the pleadings of appellant filed in the county court of Taylor county in the suit of Spaulding Bros., did put in issue the $50 constituting the advance payment on the automobile in question, and for the reasons given in our original opinion the judgment in that case is therefore conclusive as to this item also.

Appellees' motion for rehearing granted, and the judgment of the district court is affirmed.