## PARR v. PARR et al.

### No. 5810.

Court of Civil Appeals of Texas. Amarillo.

Nov. 3, 1947.

Rehearing Denied Dec. 1, 1947.

Edwin W. Napier, of Lubbock, and E. W. Napier, of Wichita Falls, for appellant.

James O. Cade and Syrian E. Marbut, both of Lubbock, for appellees.

PITTS, Chief Justice.

Appellant Vernia Parr, a widow, perfected an appeal to this Court from a contested will case in which appellees Elmer A. Parr, David M. Parr and Birdie Lou Brinker, joined pro forma by her husband Edgar Brinker, being the children of the testator J. A. Parr, deceased, by a former marriage, filed suit against appellant, the second wife of the testator, and Audrey Lee Parr, a minor nineteen years of age and a feme sole born to appellant and the testator during their marriage, to set aside a judgment rendered by the county court of date July 18, 1944, admitting a purported will of J. A. Parr to probate. The case originated in the county court where a trial was had to a jury resulting in a verdict and a judgment being entered for appellees cancelling and setting aside the order and other proceedings had admitting the purported will to probate from which judgment in the county court an appeal was per-

fected to the district court where a trial was likewise had before a jury with the same result and the case is now before this Court on appeal.

The appeal was dismissed by order of this Court on September 29, 1947, for lack of jurisdiction but appellant has filed in due time and in due form a motion for certiorari to perfect the record and tendered therewith a supplemental transcript showing that an appeal was properly perfected from the county court to the district court and that both the district court and this Court therefore have jurisdiction of the subject matter. The said motion has been sustained, the appeal reinstated, the supplemental transcript ordered filed and the appeal will now be considered on its merits.

Appellant presents her appeal upon nine points of error some of which are grouped for presentation.

■ She complains in her first point of error that the trial court erred in failing to appoint a guardian ad litem to represent Audrey Lee Parr, a minor who had no lawful guardian and who had been named as a party defendant in the suit.

The record reveals that appellees filed suit against appellant and Audrey Lee Parr, both of whom were properly served, but they sought relief only against appellant, alleging that she was the sole beneficiary and acting executrix of the purported will that had been previously admitted to probate in the county court. They further alleged that Audrey Lee Parr was a minor and that she and appellees were the sole heirs at law of J. A. Parr. They alleged no cause of action against Audrey Lee Parr and the judgment awards no relief against her. Appellant contends that the will was executed by J. A. Parr as testator on July 10, 1943, by making his mark over his name, several hours before he died on the same day. In answer to special issues the jury found that J. A. Parr was unconscious at the time the purported will was executed, to the extent that he was unable to understand the import of what he was doing; that his mind was so deranged at such a time that he did not know the nature and extent of his property; that because of his condition he did not

know at the time to whom he wanted to give his property and that he did not give it in the purported will to those whom he desired to have his property. The record also reveals that counsel for appellant represented both appellant and Audrey Lee Parr in the original hearing had in the county court and that they were both named as parties defendants in all the proceedings at the hearing had in the said court contesting the purported will. Notice of appeal to the district court was given on behalf of both defendants and Audrey Lee Parr was used as a witness by appellant during the trial in the district court. The record further shows that appellant and Audrey Lee Parr were the only defendants named in the proceedings at any time; that the statement of facts before this Court reflect that appellant's counsel appeared "For the Defendants" (plural usage) in the district court and the said counsel approved the statement of facts as counsel "For the Defendants" and the same was so approved by the trial court. There is an "Appendix" attached to the statement of facts approved by counsel for the parties and the trial court in which it again appears that counsel for appellant appeared as counsel "For the Defendants" in district court, and the appendix contains a sworn statement made by one of appellant's counsel in which he swore on February 15, 1947 (two days before the trial was had in the district court) that "he is one of the attorneys for the defendants" in this case. The record is somewhat confusing as to whether or not appellant's counsel were or were not trying to represent Audrey Lee Parr in the trial court. However, the record reveals that the name of Audrey Lee Parr was dropped from the pleadings of appellant filed in the district court upon which she went to trial and under the record Audrey Lee Parr is not before this Court on appeal. Appellant's counsel are not in position to make any complaint on appeal in her behalf because a guardian ad litem was not appointed for Audrey Lee Parr and certainly she is in no position to complain on behalf of Audrey Lee Parr under all the facts and circumstances for any reason, or to try to take the advantage of an alleged error that was not committed against appellant. However, appellant's first point of error is not well taken for other reasons. The rule is well established that a lawful judgment cannot be taken against a minor who has no lawful guardian without the appointment of a guardian ad litem to protect the interests of such a minor and a judgment taken under such circumstances is erroneous and may be set aside in a proceeding brought directly for that purpose. Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; Greathouse v. Fort Worth & Denver City R. Co., Tex.Com.App., 65 S.W.2d 762. Such is not the rule however in a case such as this where no relief was sought against the minor and no judgment rendered against her or her interests. The purported will named appellant as the sole beneficiary and did not mention directly or indirectly Audrey Lee Parr or any of appellees. Under the provisions of Article 5534, Vernon's Annotated Civil Statutes, appellees had the right to contest the purported will. The action was in rem and binding upon all parties and the judgment setting aside and annulling the probate of the purported will of J. A. Parr inured to the benefit of Audrey Lee Parr, who was a proper party to the proceedings but not a necessary party to the proceedings. Buchanan v. Davis, Tex.Civ.App., 43 S.W.2d 279, approved by the Supreme Court in Tex.Com.App., 60 S.W.2d 192; Cloud v. Cloud, Tex.Civ.App., 139 S.W.2d 826. In a case such as this the matter of appointing a guardian ad litem is discretionary with the sound judgment of the trial court. Smith v. Taylor, 34 Tex. 589; 23 Tex.Jur. 767, Sec. 69. The failure to appoint a guardian ad litem for a minor who has no lawful guardian affects the interests of the minor only and does not affect the rights of other parties to the judgment and such does not invalidate the judgment. Austin v. First State Bank & Trust Co., Tex.Civ.App., 275 S.W. 156, and other authorities there cited; Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750; Shelburn v. McCrocklin, Tex.Civ.App., 42 S.W. 329; 23 Tex.Jur. 769, Sec. 71. It appearing that the judgment inured to the benefit of Audrey Lee Parr and not against her and that appellant has no right to complain about the failure of the court to appoint

a guardian ad litem for Audrey Lee Parr, her first point of error is overruled.

By a number of assignments of error appellant attacks the ruling of the trial court for excluding from the jury the testimony of certain witnesses who testified in the absence of the jury to the effect that J. A. Parr had told them at various times from two years to a few days before his death that he expected to leave his property to appellant and Audrey Lee Parr. Appellees objected to the admission of such testimony on the grounds that the purported will named the appellant alone as the sole beneficiary and did not mention Audrey Lee Parr and that such evidence had a tendency to vary the terms of a written instrument and for the further reason that appellant was seeking to impress a trust upon the will. The trial court sustained appellees' objections. Appellant asserts that she was not seeking to alter or vary the terms of the instrument and that she was not seeking in any manner to impress a trust upon the will but that the testimony offered had a tendency to disclose the state of the testator's mind at the time he made the will. There has been some confusion about the admissibility of evidence as to declarations of the testator made before as well as after the execution of a will but it has been held that declarations of a decedent showing a fixed intention contrary to that expressed in a will, uttered within a reasonable time before executing the will, have probative force, and are admissible on the issue of testamentary capacity, especially in an "undue influence" case. Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985, Tex. Com.App., 12 S.W.2d 978, and Tex.Com. App., 15 S.W.2d 562. It has likewise been held that testimony concerning the condition of a testator's mind at other times has no probative force unless it tends to show the state of mind when the will was executed. Navarro v. Garcia, Tex.Civ.App., 172 S.W. 723. The testimony offered by appellant was in effect that the testator had previously declared he planned to leave his property to both appellant and Audrey Lee Parr which was contrary to his expressed will asserted in the purported will, in leaving it absolutely to appellant only and leaving nothing to Audrey Lee Parr. Apparent-

ly the testimony, if admitted, would have been against the interests of appellant and we fail to see any harm done to her about which she should be heard to complain. But, be that as it may, the record reveals that the purported will was executed by J. A. Parr some five to eight hours before his death and that he signed the will by making his mark. Dr. John R. Reagan, the family physician and surgeon for J. A. Parr, testified that he performed a surgical operation on J. A. Parr and removed a left renal tumor on February 2, 1943; that on July 8, 1943, J. A. Parr was admitted to the hospital afflicted with generalized metastasis caused by the renal tumor affecting the brain as a result of the "dissemination of tumor cells to many other vital organs of the body such as the brain, lungs, liver, bones, etc." and that he was in a moribund state when he entered the hospital; that at the time he entered the hospital he had developed a gradual paralysis of his entire body and was at that time in an unconscious state of mind and that he was not mentally competent at any time from the time he entered the hospital on July 8, 1943, until he died at eleven p. m. o'clock on July 10, 1943. Dr. Reagan further testified that he attended J. A. Parr until his death and that he was unconscious during all of the last twenty-four hours before his death, during which time he was not of a sound and disposing mind; if he signed an instrument five or six hours before he died, it was his opinion that he was not of such mental condition as to know what he was doing. Dr. Reagan further testified that J. A. Parr was unconscious from a diseased condition rather than from an unbalanced mental condition. None of the doctor's testimony was contradicted by any positive testimony of probative force. Following his testimony there was some opinion testimony given by lay witnesses all of whom testified that J. A. Parr was a very sick man when the purported will was executed and some of whom testified in effect that he seemed to be rational when the purported will was executed while others testified in effect that he did not seem to be rational at such a time. The purported will was not contested by appellees on the grounds of forgery or that the testator was of unsound mind when

the purported will was executed but it was contested by them on the grounds that the testator was in a dying condition and unconscious at the time the purported will was executed. The findings of the jury support appellees' contention and the testimony fully supports the findings of the jury. The testimony concerning the mind of J. A. Parr several days or two years prior to his death would have no bearing on the state of his mind while he was in a dying condition. It is our opinion that the testimony in question had no tendency to reveal the condition of J. A. Parr's mind at the time the purported will was executed; however, if the excluded testimony had been admitted and considered by the jury, it could not have strengthened appellant's contention about the matter, since the declarations the witnesses claimed J. A. Parr made showed a contrary intention to that expressed in the purported will, which appellant was seeking to uphold. By excluding the testimony, no injury is shown to have been done to appellant. Her complaints about the exclusion of such testimony from the hearing of the jury are therefore overruled.

▆▆▆ Appellant complains that the trial court erred in failing to declare a mistrial because of prejudicial argument made by appellees' counsel about matters outside of the record in his opening argument to the jury. The record reflects that the argument, about which appellant complains, was made by counsel who told the jury that appellee, Elmer Parr, was not present when the will was executed; that "it wasn't by his fault that he was not here; he was in Guadalcanal, Gentlemen, that's what he tells you, and Gentlemen, I need not tell you what took place there; that's where Elmer Parr was, and he is here today. He came here just as soon as he found out that this will had been made * * * he returned to his native land of Texas and America from Guadalcanal". Appellant did not object to the argument at the time it was made and the record reveals that it was challenged for the first time in a motion for a new trial.

The record reflects that appellee Elmer Parr testified without objection that he was not present when the purported will was executed by his father or when his father died, but that he was in the Service and stationed at Guadalcanal and did not know about the purported will until he returned to Lubbock on an overseas leave and there found it had already been admitted to probate; that he was in the Service a little more than three years and that he saw his father last in October, 1942. Appellant testified without objection that Elmer Parr was not present when the purported will was executed but that he was in foreign Service at that time. Appellant asserts that the Battle of Guadalcanal attracted so many chroniclers that its history was well known and she complains that appellees' counsel pointed out to the jury Elmer Parr's war experience at Guadalcanal and asserted that such occurred at the very time the will was being executed. She charges that such argument was inflammatory and prejudicial to her rights.

Under the provisions of Rule 269, Texas Rules of Civil Procedure, and the law applicable thereto, it was proper for counsel to discuss with the jury any of the evidence and all legitimate inferences and deductions that might be reasonably drawn from the facts and circumstances in evidence. The evidence reveals without objection that appellee Elmer Parr was in the Service and stationed at Guadalcanal at the very time the will was made. Then appellees' counsel certainly had a lawful right to so state to the jury. The further statement made by counsel to the fact that "I need not tell you what took place there" did not inform the jury of anything that may or may not have happened at Guadalcanal at any time. If such a statement made by counsel in addition to the argument that was fully supported by the evidence constituted error, such a remark considered alone, separately and apart from the argument fully justified by the evidence, could not be considered inflammatory or prejudicial to appellant's rights before the jury. If such a remark was error, it was not incurably improper and it could and doubtless would have been cured by a withdrawal of the statement or by instruction of the trial court if appellant's counsel had objected to it at the time it was made. The Supreme Court held in the case of Texas & N. O. R. Co. v. Stur-

geon, 142 Tex. 222, 177 S.W.2d 264, 267, that "While the duty rests upon the trial judge to prevent improper argument to the jury and he is not required to wait for objections to be made, the duty rests upon opposing counsel to object to argument not incurably improper unless he desires to waive it." If the argument or the remark made by counsel was in any respect improper, it was of such a nature that its effect could have been rendered harmless by withdrawal or instruction if appellant's counsel had made an objection at the time the argument or statement in question was made. In the absence of an objection at the proper time, appellant waived her rights to complain about the matter. Phoenix Refining Co. v. Morgan, Tex.Civ.App., 178 S.W.2d 175; Shaw v. Porter, Tex.Civ.App., 190 S. W.2d 396.

Appellant complains in several assignments of error that the trial court erred in refusing to permit her to impeach the testimony of witness C. H. Parr, a brother to J. A. Parr, deceased.

The record reveals that appellees took the deposition of C. H. Parr and introduced a part of it in evidence. Appellant admits that she subsequently took his deposition also for the purpose of impeaching his testimony given in the latter deposition. She contends that C. H. Parr became the witness of appellees since they took his original deposition and introduced a part of it in evidence and that she therefore had the lawful right to subsequently take his deposition, offer it in evidence and thereafter offer testimony of other witnesses to impeach his testimony given in the deposition she subsequently took. When appellant offered the deposition of the witness C. H. Parr she had taken, she stated through her counsel that such was being offered for the limited purpose of offering further testimony to impeach the testimony of the witness C. H. Parr that she was then offering. Appellees' counsel objected to the admission of the testimony given by C. H. Parr in said deposition then being offered by appellant for impeachment purposes only on the grounds that the testimony was not being offered by them and the rule is well settled that, regardless of which party took a deposition, the party who offered any part

of it in evidence was vouching for that part offered and the testimony so offered becomes the evidence of the party offering it and the witness becomes the witness of such party to that extent and that appellant could not impeach her own witness. It is our opinion that appellees' counsel correctly stated the rules of law governing such a matter in the objection made and that the trial court properly sustained the objection. Willson v. Kuhn, Tex.Civ.App., 96 S.W.2d 128; Schallert v. Boggs, Tex.Civ.App., 204 S.W. 1061; Fenner v. American Surety Co. of New York, Tex.Civ.App., 156 S.W. 2d 279; Russell v. Boyles, Tex.Civ.App., 29 S.W.2d 891; Galveston H. & S. A. R. Co. v. Young & Webb, Tex.Civ.App., 148 S.W. 1113; McCutchen v. Jackson, Tex. Civ.App., 40 S.W. 177; 15 Tex.Jur. 96, Sec. 52; 17 Tex.Jur. 930, Sec. 419; 45 Tex. Jur. 192, Sec. 302.

We have carefully examined all of the assignments of error presented by appellant and, in our opinion, none of them reveal reversible error. The judgment of the trial court is therefore affirmed.