**REEVES et al. v. FONVILLE et al.**

No. 6746.

Court of Civil Appeals of Texas.

Texarkana.

April 1, 1954.

Long & Strong, Carthage, for appellants.

Tom Bankhead, LeRoy LaSalle, Carthage, for appellees.

WILLIAMS, Justice.

Jerry M. Fonville and the other persons named as plaintiffs below, the appellees here, are the only surviving heirs of W. R. Fonville, who died intestate in 1898. I. I. Reeves and a host of others named in the pleadings and decree as defendants, the appellants here, are the asserted heirs of L. H. (Lorenzo) Adams, who died in 1912.

This action filed August 9, 1952, involves the title to an 80-acre tract of land out of the Larkin R. Booker Survey in Panola County, Texas.

In the first count of their petition plaintiffs alleged a trespass to try title action meeting in all respects the requisites of Rule 783, T.R.C.P. In another count they specifically pleaded that they "and those under whom they claim title have had peaceable and adverse possession of said land, cultivating, using or enjoying the same for more than ten years before filing of the present action and before the defendants entered upon and dispossessed plaintiffs of such premises, during which period, plaintiffs and those under whom they claim, had such lands and tenements actually enclosed and set off by well defined and marked boundaries and fences." "Wherefore, plaintiffs say that if the defendants ever had any cause or causes of action for such premises or any right of entry on said premises, which is not admitted but denied, all such causes of action and rights of entry were barred by the statute of limitation of 10 years, and plaintiffs and those whose title they hold have perfected title to said premises under said statute of limitation of 10 years before the institution of this suit, as well as before the entry by the defendants upon such premises."

Plaintiffs, in support of their claim under their theory of presumed grant out of Lorenzo Adams to W. R. Fonville alleged in part in their third count, "that on or about the year 1894, L. H. (Lorenzo) Adams conveyed the tract to W. R. Fonville by deed, which instrument was never recorded and has since been lost, misplaced or destroyed; that immediately after this conveyance, said W. R. Fonville, their ancestor under whom they claim as heirs, went into possession of the premises and openly, notoriously and peaceably held adverse possession of said lands, cultivating and using or enjoying the same for the rest of his life and upon his death, the plaintiffs continued to openly and notoriously claim same and cultivate, use and enjoy the same until they were dispossessed by the defendants."

In addition to a general denial and a plea of not guilty, defendants urged the provisions of Art. 5529, R.C.S. of Texas, the four year statute of limitation, and laches as a bar to the cause of action. Their prayer was that plaintiffs take nothing by their suit.

In response to special issues the jury sustained plaintiffs' claim that they had held exclusive, peaceable and adverse possession of the land in controversy, cultivating, using or enjoying the same prior to August 9, 1952, for the periods 1907 to 1917; 1917 to 1927; 1927 to 1937; 1937 to 1947; and 1947 to 1952. The jury answered "yes" to special issue No. 3 which reads: "Do you presume that there was a conveyance between L. H. Adams and W. R. Fonville whereby L. H. Adams relinquished all claim to the land in controversy?" The judgment entered awarded plaintiffs a recovery of the title and possession of the tract of land.

Appellants' first point asserts "that the court erred in submitting an issue on plaintiffs' adverse possession under the ten year statute of limitation, Art. 5510, R.C.S. of Texas, over the objections of defendants because the same constituted an affirmative link in plaintiffs' claim of title, which link was not shown by the plaintiffs in their abstract of title. required and duly filed in the suit."

The abstract of title furnished defendants in response to their demand for same under the provisions of Rules 791, 792, 793, T.R.C. P., showed the patent out of the State and a regular record chain of title into L. H. Adams, the last deed being dated February 24, 1890, and forthwith filed for record. Item No. 6 in this abstract of title reads: "6. Warranty deed from L. H. Adams to W. R. Fonville, dated about 1895, conveying fee simple title to the land in controversy, which deed of conveyance is unrecorded and lost or destroyed."

Other instruments detailed in the abstract relate to the asserted claim of title and pos-

session by the Fonvilles to the tract such as a recorded deed in 1929 and various recorded oil and gas leases, partition deeds between the Fonville heirs and other instruments dealing with the title. But this abstract of title contained no express recital of plaintiffs' claim or title under the ten year statute of limitation as a link in plaintiffs' chain of title. Defendants introduced in evidence the recorded chain of title out of the state into L. H. Adams being the same instruments shown in plaintiffs' abstract of title. Plaintiffs introduced only the patent. Substantially all the evidence introduced dealt with the ten year statute of limitation and that of a presumed grant. And except as herein later noted as to particular items the evidence was introduced without any objections.

 This failure of plaintiffs to include in their abstract their claim or title under the ten year statute of limitation did not legally deprive them of their right to a submission of the issues as to their limitation claim nor to a judgment based on said favorable findings. Rule 791, supra, which appellants invoke, reads: "After answer filed, either party may, by notice in writing, duly served on the opposite party or his attorney of record, not less than ten days before the trial of the cause, demand an abstract in writing of the claim or title to the premises in question upon which he relies." Rule 792, supra, provides: "* * * in default thereof, no evidence of the claim or title of such opposite party shall be given on trial." Rule 793, supra, reads: "The abstract mentioned in the two preceding rules shall state: (a) The nature of each document or written instrument intended to be used as evidence and its date; or (b) If a contract or conveyance, its date, the parties thereto and the date of the proof of acknowledgment, and before what officer the same was made; and (c) Where recorded, stating the book and page of the record; (d) If not recorded in the county where the trial is had, copies of such instruments, with the names of the subscribing witnesses, shall be included. If such unrecorded instrument be lost or destroyed it

shall be sufficient to state the nature of such instrument and its loss or destruction." Although Rule 793, supra, dwells upon written instruments which to some extent might indicate above rules are confined to only written instruments, we are of the opinion that above rules as a whole are not restricted to written instruments. Rules 791 and 792 use the term "claim or title" and such certainly would include a limitation title.

 But this conclusion is not decisive under this record of above point. Here plaintiffs have expressly and specially pleaded their claim or title to the tract under the ten year statute of limitation. Such specific allegation in the petition of plaintiffs' claim or title, as asserted, amply met the essential purpose and intent, namely, timely notice, in the enactment of above rules. For in the initial step of this suit the petition afforded the opposite party full opportunity to investigate and prepare to meet the asserted claim or title under the ten year limitation statute. As observed in Johnson v. Durst, Tex.Civ.App., 115 S. W.2d 1000, 1005, whether dictum or not, "the pleading supplied the data which the statutes [rules] were designed to obtain." As concluded in Davis v. Dowlen, Tex.Civ. App., 136 S.W.2d 900, 905, "* * * in the original answer of defendants filed before the demand for an abstract of title was made, title by limitation under the several statutes was specially plead, and so plaintiffs then and all through the progress of the case were advised that the defense of limitation was relied upon to defeat plaintiffs' title." See also Benn v. Security Realty & Development Co., Tex.Civ.App., 54 S.W. 2d 146, 150; 41–A, Tex.Jur. (Trespass to Try Title), secs. 115 and 117.

 Plaintiffs were permitted to introduce over the objections of defendants a certificate out of the State Comptroller's Office which showed an assessment of taxes on an 80 acre tract in the survey in the names of "W. R. Fonville Hrs." or "W. R. Fonville Est" and payment of taxes by the Fonvilles for the years 1907 to 1930, both

inclusive, except 1921 to 1924, both inclusive. This instrument with its seal was duly certified as prescribed by art. 3722, R.C.S. of Texas. A certificate of the tax assessor-collector of Panola County, Texas, showed assessment on the 80 acre tract in the name of "W. R. Fonville Estate" and payment of taxes through the years 1930 to 1946, both inclusive, and thereafter up to and including 1952 by various Fonville heirs. The record reflects no objections urged to the admission of the certificates of the tax assessor-collector of Panola County, Texas. None of above certificates were included in the abstract of title that plaintiffs furnished defendants. Defendants' attack upon the admissibility of above certificates so grounded on plaintiffs' failure to show same in their abstract of title is overruled. This evidence was admissible as a circumstance to be weighed by the jury along with the other evidence in connection with plaintiffs asserted adverse claim, use and occupation of the tract under the ten year statute of limitation. Hays v. Hinkle, Tex.Civ.App., 193 S.W. 153, is decisive against this contention of plaintiffs.

The other points which attack the admissibility of certain evidence that relates to presumed grant or lost deed bearing on special issue No. 3 will not be discussed. Appellants make no attack upon the sufficiency of the evidence to support the jury findings under plaintiffs' claim of title under the ten year statute of limitation. Art. 5510, supra. The evidence amply supports such limitation title, in fact several periods of ten years. Such findings under limitation will support the judgment of the trial court as to all defendants except as next pointed out.

■ Sarah Addie Reeves and Rogene Reeves, two of the defendants, are minors. Plaintiffs' pleadings and the evidence show their father died in 1943. Their mother was a party defendant. The evidence is silent that these two minors were represented in court by any legal guardian. No guardian ad litem was appointed to represent them. For failure to meet the requirements of Rule 173, T.R.C.P., applicable here, the judgment as to the two named minors will be reversed and the cause remanded as to them. See Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187, and cases there cited.

Reversed and remanded as to defendants Sarah Addie Reeves and Rogene Reeves, but in all other respects the judgment is affirmed.