John Kent COOPER et al., Minors, Appellants,

v.

Myrtle LIVERMAN, Appellee.

No. 7742.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 30, 1966.

Woodrow Edwards, Mt. Vernon, F. L. Garrison, Gilmer, for appellants.

Cornelius & Cornelius, Jefferson, for appellee.

FANNING, Justice.

John Kent Cooper, Joyce Louise Cooper, Scott Charles Deaner, Jeffers Deaner and Christine Deaner, through their next friend, Mahlon Walters, appellants, have timely filed and perfected a petition for writ of error to remove a judgment from the District Court of Marion County, Texas, to this Court of Civil Appeals for revision and correction. The judgment sought to be revised and corrected was entered in Cause No. 17,762, in the District Court of Marion County, Texas, on June 17, 1965, and styled at that time as John D. Cooper, et al. v. Myrtle Liverman.

O. P. Deaner, deceased testator, on September 6, 1962, executed a holographic will, which will is quoted below.[1]

1. "I, Otto P. Deaner, of Jefferson, Texas, do hereby make, publish and declare this to be my last will and testament, revoking all former wills made by me.

### I.

"To Myrtle Liverman, of Jefferson, Texas, I give and bequeath:

(a) All income of every kind, with the right to lease, all mineral and the interests I may have in Marion and Anderson Counties, Texas, at her death these interests to become part of my residual estate.

(b) All savings accounts in the First National Bank, Jefferson, Texas, and the First Federal Savings and Loan Association, Longview, Texas, also any money remaining, after my debts are paid, in the First National Bank, Jefferson, Texas.

(c) One hundred fifty dollars ($150.00) per month from the income of my interest in the producing royalties acquired by me from the estate of Mabelle L. Deaner, deceased, at her death this interest to become part of my residual estate.

(d) All personal property including any automobile I may have, also the cancellation of a note for $1250.00 dated May 14, 1962.

### II.

"All the rest, residue and remainder of my estate, real and mixed, I give to my nephew, John D. Cooper, of Wichita, Kansas, as Trustee, for him to create an interest bearing trust, in any institution of his choice, for the higher (college) education, wholly or in part, of his (John D. Cooper) children and the children of E. C. Deaner and Margaret Deaner, his wife, of Westminster, Colorado. The said John Cooper, as Trustee, has full authority in creating said Trust as he may determine. Should there be more money in my estate than the said Trustee deems necessary for the above Trust, the remainder shall go to my natural heirs.

### III.

"I hereby appoint and designate John D. Cooper as Executor of my estate to serve without bond and with full power to sell or lease, including oil and gas, all property of my estate, on such terms as he may determine.

### IV.

I direct that no court take any action with respect to my estate with the exception of the Probate of this will and the filing of an Inventory, appraisement and list of claims.

This will is written wholly in my own handwriting this 6th day of September, 1962.

/ Otto P. Deaner"

Myrtle Liverman, appellee, was the proponent of the above referred to holographic will as well as the proponent of a typewritten codicil of O. P. Deaner of July 5, 1963, which will and codicil were probated by the County Court of Marion County, Texas.

The said codicil was dated July 5, 1963; a self proving affidavit attached to the codicil on a separate sheet bore date of July 13, 1963; and O. P. Deaner died on July 15, 1963.

John D. Cooper, individually and as next friend for his children, John Kent Cooper and Joyce Louise Cooper, both minors, and E. C. Deaner, individually and as next friend for his children, Scott Charles Deaner, Jeffers Deaner and Christine Deaner, all minors, filed in the County Court of Marion County, Texas, a contest of the July 5, 1963, codicil of O. P. Deaner. The contested typewritten codicil is found below.[2]  The County Court upheld the

2. "CODICIL TO THE HOLOGRAPHIC WILL OF OTTO P. DEANER OF MARION COUNTY, TEXAS

"Whereas, I, Otto P. Deaner, of Marion County, Texas, have heretofore made my last will, wholly written by myself, consisting of one and one-quarter pages and bearing date of September 6th, 1962, in view of events transpiring subsequent to the writing of such will, do make and publish this codicil to the same so as to alter and change the provisions of such prior will:

1. I do by this, formally executed codicil to said will, which I declare and publish to be a codicil to such will, to be taken as part thereof and read and construed with the said previously written will, (1) revoke, strike, delete and eliminate in entirety paragraph 'II' of said previously quoted will so that the same shall be of no force or effect and shall not be considered as part of such will and (2) revoke, strike, eliminate in entirety paragraph 'III' of said previously will so that the same shall be of no force or effect and shall not be considered as part of such will.

2. I nominate and appoint Myrtle Liverman, of Jefferson, Texas, as Independent Executrix of my will and estate and direct that no bond or other security be required of her and that the probate court have and take no further jurisdiction of my estate than to admit my will and this codicil to probate and record and to receive and record the statutory and required inventory, appraisement and list of claims, intending hereby to enable my Executrix' to administer said estate free and independent of the court to the extent possible.

3. All of my estate, real, personal and mixed, in possession and in expectancy, wherever situated and of all character, I give, devise and bequeath unto Myrtle Liverman to do with as she may see fit, with full power of alienation, sale, encumbrance, in fee simple without reservation, restriction, restraint or limitation (it being understood between us that she knows what I want accomplished with my estate and I having full confidance in her executing my desires without defining the same herein) with such part thereof as may remain upon her demise, if any, to pass to and vest in the following persons, in the proportions herein set forth, viz:

(1) John D. Cooper .......... 25%
(2) E. C. Deaner ............. 25%
(3) Each of the five children of the aforenamed, John D. Cooper and E. C. Deaner, 10%

provided, however, that in the event of the demise of any of the foregoing, or in the event of the birth of additional children to either John D. Cooper or E. C. Deaner, such portions of my estate shall pass to and vest in the survivor of them, John D. Cooper and E. C. Deaner, and to such of their children as may then be living, whether survivors of the present children or additional children who may subsequently be born as heirs of their body, in ratio of the same proportions and percentages.

4. It is my desire that this my present codicil be annexed to and made a part of my will to all intents and purposes.

"5. This I make and publish as my last codicil to my last will, hereunto signing and subscribing my name this 5th day of July, A. D. 1963, in the presence of Frcida Klien and Dr. J. M. DeWare, III who attest the same at my request.

O. P. Deaner<br>O. P. Deaner

The above instrument was now here published as his last codicil to his last will, and signed and subscribed by OTTO P. DEANER, the testator, in our presence and we, at the request of him, the said. OTTO P. DEANER, and in his presence, and in the presence of each other, sign and

probate of the will and codicil. Contestants appealed to the District Court of Marion County, and there the will and codicil were upheld by the granting of a summary judgment in favor of appellee, Mrs. Liverman. Costs were adjudged against contestants. Contestants also filed a motion for summary judgment which was denied by the trial court. Contestants gave notice of appeal to this Court of Civil Appeals but the appeal was not perfected. The minors, through their next friend, Mahlon Walters, are now in this court on their Petition for Writ of Error which petition was timely filed and properly perfected.

Appellants present two points which are as follows:

### "FIRST POINT

"The trial court erred in failing to appoint a guardian ad litem for the minor contestants in Cause No. 17,762 because this failure was material and reversible error as to them since their next friend fathers' interests were opposed to theirs as reflected on the face of the record.

### "SECOND POINT

"The Court of Civil Appeals should revise and correct the judgment brought forward here and reverse and remand this cause to the trial court for new trial as to them only of their cause of action asserted in the codicil contest, thus allowing them the legal representation required by law under their circumstances. In this connection, appellants aver the Court of Civil Appeals would not be taking a vain action because these minor appellants do have a meritorius cause of action."

We have carefully examined the provisions of the holographic will of Sept. 6, 1962, and the typewritten codicil of July 5, 1963, hereinbefore shown, and we think there is a conflict of interest between the minor appellants and the individual interests of their fathers, as regards to the probate of the codicil. As we view it, the codicil gives benefits to the fathers which were not given to them under the will and that such benefits would be adverse to the benefits

subscribe our names hereto as attesting witnesses.

Mrs. Freda Klein
Freida Klien
Jesse M. DeWare III
Dr. J. M. DeWare, III

The State of Texas, }
County of Marion. }

BEFORE ME, the undersigned authority, on this day personally appeared OTTO P. DEANER, FREIDA KLIEN and DR. J. M. DeWARE, III, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed and foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said OTTO P. DEANER, testator, declared to me and to the said witnesses in my presence that said instrument is his last codicil to his last will and is, together with the previous writing made by him as his will, his last will and testament, and that he had willingly made and executed it as his free act and deed for the purposes therein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of the said testator, that the said testator had declared to them that

said instrument is his last codicil to his last will and, together with the previous instrument written in his own handwriting, is his last will and testament, and that he executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of said testator and at his request; that he was at that time over the age of nineteen years and was of sound mind; and that each of said witnesses was then more than fourteen years of age.

O. P. Deaner
Otto P. Deaner, Testator
Mrs. Freda Klein
Freida Klien
Jesse M. DeWare III
Dr. J. M. DeWare, III

SUBSCRIBED and ACKNOWLEDGED before me by the said OTTO P. DEANER, testator, and subscribed and sworn to before me by the said FREIDA KLIEN and Dr. J. M. DeWARE, III, witnesses, this 13th day of July, A. D. 1963.

C. R. Newland
Notary Public, Marion County, Texas."

given to the minor children by the holographic will. The fathers each receive 25% of the residual O. P. Deaner estate under the codicil. The minors are given less by the codicil than by the will and it would be to their disadvantage if the codicil was probated. This conflict of interests between the fathers and their minor children, appellants herein, is apparent from the face of the record in this case. It is also apparent from the face of the record and it is not disputed that the appellants herein were minors and that no guardian ad litem was appointed by the trial court to represent the interests of the minor appellants. The record does not indicate that anyone requested the trial court to appoint a guardian ad litem for the minors.

Rule 173, Texas Rules of Civil Procedure provides as follows:

> "When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has no guardian within this State, *or where such person is a party to a suit either as plaintiff, defendant or intervenor and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor, lunatic, idiot or non-compos mentis, the court shall appoint a guardian ad litem for such person* and shall allow him a reasonable fee for his services to be taxed as a part of the costs. (Emphasis added)

Section 376, Texas Probate Code, V.A.T.S., reads in part as follows:

> "Where there are minors, or persons of unsound mind, having no guardian in this state, who are entitled to a portion of an estate, or whose guardians also have an interest in the estate, the court shall appoint a guardian ad litem to represent such minors, * * *."

■ The minors were not represented by any lawfully appointed guardian or guardians. Their fathers were not proper next friends because they had adverse interests to said minors. We hold that under such circumstances, even though the matter was not called to the attention of the trial court, that nevertheless a guardian ad litem should have been appointed to represent the interests of said minors. In this connection see the following authorities: Rule 173, T.R.C.P., supra; Sec. 376, Texas Probate Code; 30 Tex.Jur.2d 713, Infants; Missouri-Kansas Texas R. Co. v. Pluto, 138 Tex. 1, 156 S.W.2d 265; Clarkson v. Ruiz, Tex.Civ.App., 108 S.W.2d 281, wr. dism.; Reeves v. Fonhille, Tex.Civ. App., 267 S.W.2d 238, wr. ref., n. r. e.; Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; Parr v. Parr, Tex.Civ.App., 207 S.W. 2d 187, wr. ref., n. r. e.; Maze v. Ruscher, Tex.Civ.App., 269 S.W.2d 860, no writ; Jaynes v. Lee, Tex.Civ.App., 306 S.W.2d 182, no writ.

Appellee contends, among other contentions, that the petition for writ of error should be dismissed because this court has no jurisdiction under Article 2249a, Vernon's Ann.Tex.Civ.St., in that appellants participated in the trial of this cause in the court below, that appellants were represented by the same attorneys in all previous proceedings as well as the present proceedings and that appellants and their attorneys are estopped to complain that such representation was inadequate or injurious to the minors' interests.

Art. 2249a, V.A.T.C.S., provides in part as follows:

> "Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

■ Appellee has presented many authorities in her brief which holds in accordance with the rule of law stated in Art. 2249a, supra. However, these cases do not deal with the situation here involved where next friends, who have adverse interests to the minors represent said minors

in court proceedings as plaintiffs. It is our view that since the next friends had adverse interests to the minors a guardian ad litem should have been appointed by the trial court to represent the interests of the minors. It is thus our view that the minors are not estopped by anything done or left undone by the next friends or by the attorneys. It appears that the minors now have a next friend, Mahlon Walters, and no contention has been made that he is in any way disqualified to act as next friend for the minors. The fathers of the minors, who were disqualified to act as next friends for said minors by reason of their adverse personal interests, are not parties to the present petition to review by writ of error. It is true that the attorneys representing the minors and Mahlon Walters, next friend for said minors, in the present petition to review by writ of error, are the same attorneys that represented the fathers of said minors, individually and as next friends for said minors, and represented the minors in the prior proceedings. However, we are of the view that none of such matters will estop the minors or prevent them from securing a review of the judgment complained of by their petition for writ of error.

Appellee also contends to the effect that the petition for writ of error should be dismissed because the result would have been the same even if a guardian ad litem had been appointed in Cause 17,762. Appellants in reply and under their second point contend that the minor appellants have a meritorious cause of action. The July 5, 1963, codicil, which allegedly became a part of the Sept. 6, 1962, will, appears on its face to have been executed by the testator O. P. Deaner, and by Dr. J. M. DeWare III and Freda Klein as witnesses. The record indicates that Dr. DeWare did not sign as a subscribing witness in the presence of the testator, did not see the testator sign the codicil, and that he was not a lawful subscribing witness to the codicil. The record indicates that Freda Klein was a lawful witness to the codicil.

The following stipulation was made in court:

"It is stipulated and agreed that there is no question or dispute of fact or law in this case concerning the validity of the codicil and will of O. P. Deaner involved herein, except the single question of whether the signature of C. R. Newland to said codicil constitutes in law the signature of a subscribing witness thereto as required by the Law of Texas, and that if the signature of Newland thereto constitutes the signature of a subscribing witness, said codicil and will are valid; otherwise, the codicil is not, and further that contestants withdraw any claim of undue influence."

It would take two lawful subscribing witnesses to make valid the typewritten codicil offered for probate in this cause. Sec. 59, Probate Code, V.A.T.C.S. If the Notary Newland was not a lawful subscribing witness, the codicil would be witnessed by only one lawful subscribing witness, Mrs. Freda Klein, and the codicil not having been executed with the formalities required by law, would not be a valid codicil and would not be entitled to probate.

■ It is our view under the record in this cause that Newland did not sign as a subscribing witness to the will, as his signature does not appear anywhere but at the end of the self-proving affidavit to the codicil where he signs as a Notary. It is therefore our view that Newland was not a lawful subscribing witness to the will. In this connection see the following authorities: McGrew v. Bartlett, Tex.Civ.App., 387 S.W.2d 702, writ refused; Boren v. Boren, Texas Supreme Court Journal, Vol. 9, p. 340, dated April 13th, 1966. We quote from Boren v. Boren, supra, in part as follows:

"The self-proving provisions attached to the will are not a part of the will but concern the matter of its proof only. The only purpose served by such self-proving provisions is to admit a will to probate

without the testimony of a subscribing witness. In re Price's Estate, 375 S.W.2d 900, 903 (Tex.Sup.Ct.1964). The provision was introduced into the Texas Probate Code in 1955 as an alternative mode of proving a will. Acts 1955, 54th Leg., p. 88, ch. 55. It was not the purpose of the Legislature to amend or repeal the requirement that the will itself must meet the requirements of the law. Section 59 expressly states that a self-proved will, except for the manner of proof, shall be treated no differently than a will which is not self-proved. The execution of a valid will is a condition precedent to the usefulness of the self-proving provisions of Section 59. This Court approved the judgment and opinion in McGrew v. Bartlett, 387 S.W.2d 702 (Tex.Civ.App.1965, wr. ref.), that a will was a nullity because the signatures of the testator and the witnesses appeared on the self-proving provisions, but not on the will itself.

"A testatmentary document to be self-proved, must first be a will."

■ We therefore hold that the minors have a meritorious cause of action to contest the codicil in question on the ground that the codicil was not witnessed by two lawful subscribing witnesses.

We further hold that the trial court did not err in refusing to consider appellee's alternative offer to probate an alleged May 16th, 1963, holographic will of O. P. Deaner and did not err in sustaining contestants' plea to the jurisdiction to this alternative offer of proponent. The trial court in its order sustaining contestants' plea to the jurisdiction of the trial court regarding the alleged May 16th, 1963, holographic will of O. P. Deaner stated:

"On this 7th day of May, 1965, the parties having appeared by their attorneys of record at a previous date, and the Court having considered Contestants' Plea to the Jurisdiction of this Court in paragraph I of Contestants' First Amended Original Answer to offer of probate of May, 1963 will and reading as follows:

"'Contestants show the Court that the District Court does not have jurisdiction to consider for probate the purported holographic will of O. P. Deaner, deceased, dated May 16, 1963, because same has not been probated in the County Court of this or any other county of the state nor has any evidence been offered in any of such courts to support its probate.' And having considered the record brought forward from the County Court of Marion County, Texas, the evidence, pleadings and argument of counsel, finds that the facts and the law as to such plea are with the contestants;"

Appellee's cross-point one raising the above question is overruled. In this connection see the following authorities: Aven v. Green, 159 Tex. 361, 320 S.W. 2d 660; Magee v. Magee, Tex.Civ.App., 272 S.W. 252, writ dism.; Quiroz v. Cantu, Tex.Civ.App., 119 S.W.2d 569, no writ; Art. 5, Sec. 16, Texas Constitution, V.A.C.S.

Appellee's other contentions have been considered and are respectfully overruled. Appellants' points 1 and 2 are sustained.

The summary judgment granted in favor of appellee is set aside only insofar as the minors are concerned and the cause is remanded to the trial court for a new trial as between appellee and the minors. Missouri-Kansas-Texas R. Co. v. Pluto, 138 Tex. 1, 156 S.W.2d 265; Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187, wr. ref., n. r. e.; Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; Reeves v. Fonville, Tex. Civ.App., 267 S.W.2d 238, no writ. Costs in the court below are taxed against John D. Cooper and E. C. Deaner in their individual capacities; costs in this court are taxed against appellee.